NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>EDUARDO SOSA,<br><br>        Defendant-Appellant. | No.    16-10214<br><br>D.C. No.<br>4:15-cr-00313-RM-BGM-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Argued and Submitted September 12, 2017
San Francisco, California

Before: KOZINSKI and FRIEDLAND, Circuit Judges, and BENNETT,[**] District Judge.

Eduardo Sosa challenges the denial of his motion to suppress, arguing that

Border Patrol Agents lacked reasonable suspicion to conduct an investigatory stop.

An officer may conduct an investigatory stop of a person or vehicle if he has

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

reasonable suspicion to believe that criminal activity "may be afoot." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). To determine whether a stop was supported by reasonable suspicion, we look at the totality of the circumstances. *Id.* In the context of border patrol stops, the factors we consider include: "(1) characteristics of the area; (2) proximity to the border; (3) usual patterns of traffic and time of day; (4) previous alien or drug smuggling in the area; (5) behavior of the driver, including 'obvious attempts to evade officers'; (6) appearance or behavior of passengers; (7) model and appearance of the vehicle; and, (8) officer experience." *United States v. Garcia-Barron*, 116 F.3d 1305, 1307 (9th Cir. 1997) (quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 885 (1975)). In addition, "the notoriety of a road as an alien smuggling route . . . [is] a relevant factor supporting reasonable suspicion." *United States v. Palos-Marquez*, 591 F.3d 1272, 1277 (9th Cir. 2010).

Here, the behavior of the men whom the car picked up, the location and timing of the pickup, and the movement of the car, taken together, demonstrate that the agents had reasonable suspicion to conduct the stop.

**AFFIRMED**.